Filed 4/17/25  P. v. Johnson CA2/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B314999 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA450691) |
| v. | |
| LLOYD JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Sentence Vacated; Remanded with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

In 2017, the jury found Lloyd Johnson guilty of second degree robbery for forcibly taking a wallet. (Pen. Code, § 211.)[1] In bifurcated proceedings, the trial court found true the allegations that Johnson suffered five prior serious and/or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and suffered one prior conviction of a serious felony within the meaning of section 667, subdivision (a)(1). The trial court dismissed four of Johnson's prior strikes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Johnson was sentenced to a total of 15 years in state prison, comprised of a term of five years, doubled to 10 years under the Three Strikes law, plus a consecutive term of five years for the prior serious felony conviction enhancement (§ 667, subd. (a)(1)).

Following Johnson's first appeal in this court, we remanded the matter to the trial court to determine whether to exercise its discretion to grant pretrial diversion pursuant to section 1001.36[2] or, if not, to determine whether to exercise its discretion to strike the five-year enhancement.[3] The court found pretrial diversion

---

[1] All further statutory references are to the Penal Code.

[2] Section 1001.36 became effective on June 27, 2018. (*People v. Williams* (2021) 63 Cal.App.5th 990, 995.) The statute creates a pretrial diversion program for certain defendants with mental health disorders and "applies retroactively to all cases in which the judgment is not yet final." (*Ibid*.)

[3] We take judicial notice of our prior opinion in *People v. Johnson* (Oct. 23, 2019, B291454) [nonpub. opn.].

inappropriate, declined to strike the enhancement, and re-imposed the original 15-year sentence.

In his second appeal, Johnson contended that the recent amendments to section 1170 pursuant to Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) and Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124), which became effective after his 2020 resentencing hearing, required remand for resentencing. The People conceded that Senate Bill 567 and Assembly Bill 124 retroactively applied to Johnson's case, but argued remand was futile, as the record clearly demonstrated the trial court would re-impose the original sentence. A majority of this court affirmed the trial court's judgment. One justice, who concurred in part and dissented in part, would have instead remanded to the trial court for resentencing.

On June 14, 2023, the California Supreme Court granted review in this case and deferred briefing pending the court's consideration and disposition of related issues in *People v. Lynch*, S274942, and *People v. Salazar*, S275788. On January 15, 2025, the Supreme Court transferred the matter back to this court to vacate our decision and reconsider the cause in light of *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar*) and *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).

Pursuant to the high court's order, we vacated our prior opinion. The parties submitted supplemental briefs addressing the effects of *Salazar* and *Lynch* on the instant appeal. Having reconsidered the cause in light of these authorities, we remand the matter for the trial court to exercise its discretion under amended section 1170, subdivision (b).

3

# PROCEDURAL HISTORY

## A.    *Sentencing*

At sentencing, the trial court first considered whether to strike, pursuant to *Romero, supra*, 13 Cal.4th 497, one or more of Johnson's prior strikes.  Johnson's prior strikes included four robbery convictions and one murder conviction arising from the same case in 1970.  The trial court dismissed four of the strikes, and proceeded to sentence Johnson as a second striker.

With respect to the sentence, the trial court stated that it was "torn between" imposing the middle term and the high term doubled, sentences of 11 and 15 years, respectively.  The court decided to impose the high term because the prior strike was not Johnson's first offense; he had several prior offenses that resulted in juvenile court commitments.

Defense counsel argued that Johnson had been in prison since 1970, which was close to his entire life.  Johnson was 66 years old at the time of the hearing and would be 81 years old when released.  The court responded that it had taken Johnson's advanced age and his extended time in prison into account when it struck the prior strikes and imposed a determinate term rather than a life sentence.[4]

---

[4] The court observed that Johnson was on parole at the time of the offense and subject to lifetime commitment on the basis of his parole violation.  Although this did not factor into the court's decision, the court observed that as a practical matter the sentence the court imposed would not impact the duration of Johnson's incarceration.

The trial court observed, "[T]his is the most difficult sentencing case I've ever had." The court was sympathetic to the fact that Johnson had served a very long sentence for his prior convictions, and recognized that the punishment should be proportionate to the nature of the present offense, which "was nothing more, nothing less than a purse snatch." The court also considered that Johnson was only 19 years old when he was incarcerated in the prior case. Weighed against these mitigating factors were the fact that the prior robberies Johnson committed involved multiple victims—one of whom was murdered—and Johnson's significant criminal history. Additionally, Johnson was on parole for the prior strikes for only a short period of time before he committed the present robbery. The victim in the instant robbery, like those in the earlier offenses, was relatively defenseless. The court expressed concerns for public safety.

The trial court balanced these factors when it chose to impose a determinate sentence rather than a life sentence. The court then found the high term was the appropriate determinate sentence in light of the aggravating factors. Johnson was sentenced to 15 years in prison, consisting of the high term of five years, doubled to 10 years under the three strikes law, plus an additional five years for the section 667, subdivision (a)(1) enhancement.

Johnson timely appealed. We conditionally reversed the judgment and remanded the matter to the trial court with directions to consider whether to exercise its discretion to grant pretrial diversion pursuant to section 1001.36 or, if not, to consider whether to exercise its new discretion to strike the five-year section 667, subdivision (a)(1) enhancement pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393).

5

## B. Resentencing

Prior to resentencing Johnson, the trial court informed the parties that it intended to reinstate the original sentence and that it did not believe the case was appropriate for mental health diversion.

At the hearing, defense counsel represented that Johnson was evaluated and had no apparent cognitive issues. Defense counsel asked the court to consider the fact that Johnson was now 69 years old and to sentence him to a lesser term to permit Johnson to have time outside of prison before his death.

The court stated that Johnson's prior convictions were for four robberies and a murder, and Johnson had been on parole at the time he committed the instant robbery. "And I struggled, if you will recall, mightily with whether I was going to give him that third strike 30-year-to-life sentence . . . , and I ended up giving him the determinate sentence based on exactly the factors you're talking about. I think that is the right decision."

With respect to mental health diversion, the court stated it had reviewed the reports previously prepared by three mental health experts and found nothing to indicate that Johnson's depression was a "significant factor" in the commission of the robbery as required to qualify for diversion pursuant to section 1001.36. The court noted that Dr. Ann L. Walker's report, upon which this court relied in remanding the matter after the prior appeal, did not link Johnson's depression to the crime in any way. The court was satisfied that Johnson's depression did not "substantially contribute" to the robbery. No new evidence had been presented to the contrary. The court alternatively ruled

that, even if Johnson were eligible for diversion, the court would find him unsuitable because Johnson would pose an unreasonable danger to the community. In addition to the factors the trial court considered when re-imposing the upper term, the court found that the victims of the prior strike crimes were vulnerable senior citizens, and the present case also involved a vulnerable senior citizen.

The court again referenced its struggle regarding the appropriate sentence, but stated definitively that "the question in my mind at that time was never whether Mr. Johnson should be released, but whether he should receive a sentence of 30 years to life or whether I strike some of the strikes and sentence him to a determinate term." The court declined to exercise its discretion to strike the section 667, subdivision (a)(1) five-year sentence for the reasons that it had already articulated. The court summarized, "I did choose what I thought to be the most lenient sentence that the crime and his criminal history allowed, that is, the maximum determinate sentence, and . . . believe that is the correct sentence." The court re-imposed a sentence of 10 years, to be served concurrently with any other sentence that Johnson was currently serving, plus the five-year term pursuant to section 667, subdivision (a)(1).

## DISCUSSION

### A. *Legal Principles*

On October 8, 2021, the governor approved a trio of bills effective January 1, 2022, that proposed similar amendments to section 1170—Senate Bill No. 567 and Assembly Bill No. 124,

7

which are at issue in this appeal, and Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill 1540), which is not implicated here.  (See, e.g., *People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.)  As the last bill approved by the Governor, Senate Bill 567 prevails over Assembly Bill 124 and Assembly Bill 1540.  (Gov. Code, § 9605, subd. (b); see, e.g., *In re Thierry S.* (1977) 19 Cal.3d 727, 738–739; *Jones*, at p. 44, fn. 11.)  The parties, as has become common practice, refer to the amendments to section 1170, subdivisions (b)(6) and (b)(7), which do not conflict with Senate Bill 567, as having been effected by Assembly Bill 124.  For ease of reference, we will do the same.

When Johnson was resentenced, former section 1170, subdivision (b) gave the court broad discretion to decide whether to impose a term of imprisonment for an offense with a triad of possible punishments.  Senate Bill 567 and Assembly Bill 124 changed the nature of the court's discretion.

As relevant here, Senate Bill 567 amended section 1170, former subdivision (b)(1) to make the middle term the presumptive sentence for a term of imprisonment.  The court may impose a higher sentence "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)  There is one exception to this requirement:  "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)

8

In *Lynch*, our Supreme Court considered when a remand for resentencing is required for defendants sentenced to an upper term of imprisonment under a prior version of section 1170, subdivision (b).  (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743, 761.)  "Our Supreme Court held, '[A] sentence imposed under former section 1170[, subdivision] (b), must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' (*Lynch*, [*supra*, 16 Cal.5th] at p. 743.)  [¶]  Further, because Senate Bill 567 'altered the scope of the trial court's discretion' regarding sentences imposed pursuant to former section 1170, subdivision (b), the record must 'clearly indicate that the court would have found an upper term justified had it been aware of its more limited discretion.'  ([*Ibid.*].)"  (*People v. Cabada*, 2025 WL 892552, at *4.)

Assembly Bill 124 amended section 1170, subdivision (b)(6)(A) to make the lower term the presumptive term where the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence," and the experience "was a contributing factor in the commission of the offense."  The presumption in favor of imposition of the lower term may be overcome if "the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)  "*Salazar* held that these changes create a presumption that affects the scope of the trial court's discretionary sentencing

9

authority.  (*Salazar*, at pp. 419, 426–427, 429–430.)  Accordingly, when there is evidence in the record meeting the statute's threshold requirement for triggering the lower term presumption, a defendant is entitled to a remand for resentencing unless the record ' " 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " ' (*Id.* at p. 425, quoting *Gutierrez, supra*, 58 Cal.4th at p. 1391.)"  (*Lynch, supra*, 16 Cal.5th at pp. 771–772.)

## B.    Analysis

Johnson contends that his case should be remanded for resentencing because Senate Bill 567 and Assembly Bill 124 were not in effect when he was last resentenced, so the trial court could not have considered the new legislation when the court imposed the upper term of imprisonment.  The People correctly concede that Senate Bill 567 and Assembly Bill 124, which became effective while Johnson's case was pending on appeal, apply here  (see *Lynch, supra*, 16 Cal.5th at p. 749), but argue that remand is not necessary because the court clearly indicated that it would re-impose the upper term under the amendments made to section 1170, subdivision (b) if it was aware of the changes in the scope of its discretion.

In *Lynch* and *Salazar*, our Supreme Court emphasized that " 'when the applicable law governing the defendant's sentence has substantively changed after sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' (*Salazar, supra*, 15 Cal.5th at

p. 425.)" (*Lynch, supra,* 16 Cal.5th at p. 776.)  In both cases, the Supreme Court admonished:  " '[m]ere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers.' (*Salazar*, at p. 431.)" (*Id.*, at p. 777.)  As an example of a court's statements that would clearly indicate the court would re-impose the sentence even if aware of the scope of its discretion, the Supreme Court cited *People v. Flores* (2020) 9 Cal.5th 371, 432, where the court found the defendant " ' "deserving [of] the ultimate sentence of death,"' observed that the defendant was ' "the worst of the worst," ' that he ' "show[ed] absolutely no remorse" 'and that ' "[i]t's as if he has no soul" ' " (*Lynch*, at p. 777.)  The court also indicated that a court's statement that it was aware of upcoming legislation and would impose the same sentence if the standards of that legislation applied would be sufficient to clearly indicate that the court would re-impose the sentence and obviate the need for resentencing.  (*Ibid.*)

Senate Bill 567 amended section 1170, subdivision (b) to limit the trial court's discretion.  Previously, the court exercised full discretion to impose any of three sentences in a triad.  Now there is a presumption that the middle term applies.  In this case, at resentencing the trial court carefully considered its sentencing choices and re-imposed the prior sentence despite its newfound discretion to strike the five-year section 667, subdivision (a)(1) enhancement.  The current circumstances are different, however—rather than *expanding* the trial court's discretion as Senate Bill 1393 did, Senate Bill 567 *constrains* the trial court's

11

discretion.  Here, the trial court did not make the type of damning statements that the court made in *People v. Flores, supra*, 9 Cal.5th at p. 432.  Rather, it observed that the current offense "was nothing more, nothing less than a purse snatch." The trial court also did not presage the new legislation and comment as to how it would sentence Johnson given the change in the scope of its discretion.  Thus, there is no clear indication, as delineated by our Supreme Court in *Lynch*, of what the trial court would do under the current law.  We cannot speculate as to whether the trial court would decide to re-impose the high term.

This conclusion alone requires a remand for a full resentencing.  Upon remand, and insofar as the issues are raised by the parties, the trial court is to consider the effect of Senate Bill 567 and Assembly Bill 124 in the first instance.  The People will have the opportunity to prove aggravating circumstances in conformance with the amendments to section 1170, subdivision (b), and Johnson will have the opportunity to present any additional evidence pertinent to Assembly Bill 124 or other legislation then effective.

12

## DISPOSITION

We vacate Johnson's sentence and remand the case for further proceedings in accordance with this opinion. We otherwise affirm the judgment.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

BAKER Acting, P. J.

KIM (D.), J.

13